**Lauren SUFFIAN, f/k/a/ Lauren Usher, Respondent,**

v.

**David R. USHER, Appellant.**

**No. SC82390.**

Supreme Court of Missouri,
En Banc.

May 30, 2000.

Rehearing Denied June 27, 2000.

Jack J. Cavanagh, Paul J. Vaporean, St. Louis, for appellant.

David R. Usher, St. Louis, pro se.

Susan M. Hais, James P. Carmody, Clayton, for respondent.

Nathan S. Cohen, Clayton, amicus curiae guardian ad litem.

Jeremiah W. (Jay) Nixon, Atty. Gen., David M. Lieber, Gail Vasterling, Daryl Hylton, Asst. Attys. Gen., Jefferson City, amicus curiae State of Missouri.

WHITE, Judge.

David R. Usher appeals from a judgment denying his motion to modify custody provisions of a marriage dissolution decree, and granting in part and denying in part Lauren Suffian's motion to modify. Usher also claims the trial court erred by denying his section 452.423 motion to disqualify and remove the guardian ad litem and declaring the statute unconstitutional. We hold section 452.423.1 is constitutional and that the trial court erred in deciding otherwise, but affirm the judgment because the error was harmless and immaterial and the judgment was otherwise supported by the evidence.

## I. FACTUAL BACKGROUND

The marriage of David Usher ("Father") and Lauren Suffian ("Mother") was dissolved on November 4, 1988. The decree of dissolution granted Mother general care, custody, and control of the two minor children of the marriage, M.U. and E.U., and granted Father reasonable temporary custody and visitation rights. In March 1998, Father filed a motion to modify the decree of dissolution requesting legal and primary physical custody of the children. Father claimed a change in the circumstances and best interests of the children justified a change in custody because Mother neglected the education and general care of the children and interfered with Father's visitation rights. In April 1998, the trial court appointed a guardian ad litem ("GAL") for the children, presumably under section 452.423.1, RSMo Supp.1997, because Father's motion alleged neglect. In May, Mother filed her own motion to modify, requesting legal custody, the restriction of Father's periods of temporary custody and visitation, an increase in support payments, and attorney's fees.

On August 28, 1998, an amended section 452.423.1 became effective, enabling parties in custody proceedings the right to disqualify a GAL once in each proceeding without cause.[1] Within the time allotted by the statute. Father filed a motion to disqualify and remove the guardian ad litem on August 28, 1998, followed by an amended motion on September 1. Trial began on September 4, 1998, whereupon the trial court orally denied Father's mo-

1. *See* section 452.423.1, RSMo Supp.1998. All statutory references are to RSMo, Supp. 1998 unless otherwise indicated.

tion to disqualify. It found section 452.423.1 violated "[d]ue process and any other constitutional provisions that may be applicable." The trial court then heard testimony from the family, school administrators, physicians treating the children, and the director of a residential facility treating M.U. The GAL never testified, but called one witness, presented some documentary evidence, and offered recommendations to the trial court. In December 1998, the trial court issued written findings of fact, conclusions, and a judgment modifying the decree of dissolution. It awarded Mother legal custody and primary physical custody and Father temporary physical custody of the children. It also ordered Father to pay Mother for past medical and hospital costs for treating the children, the majority of the GAL's fees, and Mother's attorney's fees.

Father raises three points on appeal. First, he claims section 452.423.1 is constitutional and the trial court erred by denying his motion to disqualify the GAL. Father asks this Court to reverse the judgment, remand for a new trial, and order the trial court to appoint a new GAL. Second, he claims the custody judgment of the trial court should be reversed on the merits because it was a misapplication of the law, against the weight of the evidence, and not supported by credible evidence. Finally, Father claims the trial court abused its discretion by ordering him to pay Mother's attorney fees and the majority of the GAL's fees.

## II. THE CONSTITUTIONALITY OF SECTION 452.423.1

■ The trial court erred by denying Father's motion to disqualify the GAL because section 452.423.1 is constitutional,

grants a party the right to disqualify once as a matter of right, and Father's motion was timely filed. Section 452.423.1, as amended, became effective August 28, 1998. The amended portion, in pertinent part, reads as follows:

Disqualification of a guardian ad litem *shall* be ordered in any legal proceeding only pursuant to chapter 210 RSMo, or this chapter, upon the filing of a written application by any party within ten days of appointment, or within ten days of August 28, 1998 if the appointment occurs prior to August 28, 1998. Each party *shall* be entitled to one disqualification of a guardian ad litem in each proceeding, except a party may be entitled to additional disqualifications of a guardian ad litem for good cause shown. (Emphasis added).

"When statutory language is clear, courts must give effect to the language as written."[2] Here, the words "shall be ordered" and "shall be entitled" clearly entitle parties to disqualify the GAL once as a matter of right and give the trial court no discretion to refuse.[3] In addition, the legislature amended section 453.423.1 expressly to add the above-quoted language; the prior version did not contain it.[4] "In construing a statute, the Court must presume the legislature was aware of the state of the law at the time of its enactment."[5] We presume, therefore, the legislature intended to give parties a right to disqualify and deprive the court of any discretion. Accordingly, the trial court had no discretion to deny Father's timely filed motion to disqualify the GAL.

■ We also find the amended version of 452.423.1 is constitutional. The legisla-

**2.** *M.A.B. v. Nicely,* 909 S.W.2d 669, 672 (Mo. banc 1995) (citing *Kearney Special Road District v. County of Clay,* 863 S.W.2d 841, 842 (Mo. banc 1993)).

**3.** *See Harrison v. King,* 7 S.W.3d 558, 562 (Mo.App.1999); *see also State ex rel. Dreer v. Public School Retirement Sys.,* 519 S.W.2d 290, 296 (Mo.1975) (stating use of shall is

indicative of the mandate); *see also State ex rel. McTague v. McClellan,* 532 S.W.2d 870, 872 (Mo.App.1976).

**4.** *See* 452.423.1 RSMo 1997.

**5.** *Matter of Nocita,* 914 S.W.2d 358, 359 (Mo. banc 1996).

ture created for children a statutory right to a GAL under section 452.423 when abuse or neglect is alleged. The legislature acted within its power to *amend* section 452.423.1, therefore, to enable parties to disqualify a GAL once as a matter of right.

■■■ Statutes are presumed to be constitutional.[6] Accordingly, the burden to prove a statute unconstitutional rests upon the party bringing the challenge.[7] This Court will not invalidate a statute "unless it clearly and undoubtedly contravenes the constitution and plainly and palpably affronts fundamental law embodied in the constitution." [8] Mother's argument, that section 452.423.1 violates the constitutional rights children may have to due process or counsel, does not overcome this presumption of constitutionality. Whether a statute depriving children of a GAL in a case where abuse or neglect is alleged would violate a child's right to due process or counsel is inconsequential because section 452.423.1 does not deprive children of a GAL.[9] It merely gives the parties one opportunity to disqualify a particular GAL, after which the trial court must appoint another if abuse or neglect is alleged.[10]

■■■ Mother also does not show section 452.423.1 violates article II, section 1 of the Missouri Constitution, which prohibits one branch from exercising any power properly belonging to another.[11] Mother argues the right to select and the discretion to disqualify a GAL are judicial powers that section 452.423.1 improperly exercises. She fails, however, to establish this right and discretion are judicial powers granted by the constitution. To the contrary, as noted, the power of the court to assign a GAL arises from the legislative enactment of section 452.423. Absent a constitutional provision to the contrary, it is not a usurpation of judicial power to change or revoke a power created by statute.[12] In sum, Mother has not overcome the presumption that section 452.423.1 is constitutional and the trial court erred by denying Father's motion to disqualify the GAL.

■■■ Despite the error, we do not reverse the judgment because the error was harmless, immaterial to the merits of action, and there is independent evidentiary support for the judgment of the trial court.[13] Father alleges the GAL violated criminal and ethical rules by interfering with his custodial and visitation rights,[14]

---

6. *See In re Marriage of Kohring,* 999 S.W.2d 228, 231 (Mo. banc 1999) (quoting and citing *Linton v. Missouri Veterinary Medical Bd.,* 988 S.W.2d 513, 515 (Mo. banc 1999)).

7. *See id.*

8. *Id.*

9. *See generally State ex rel. Bird v. Weinstock,* 864 S.W.2d 376, 381 (Mo.App.1993); *S.L.J. v. R.J.,* 778 S.W.2d 239, 243 n. 1 (Mo.App.1989).

10. *See* section 452.423.1.

11. *See also Chastain v. Chastain,* 932 S.W.2d 396, 398 (Mo. banc 1996).

12. *See State v. Lay,* 896 S.W.2d 693, 700 (Mo. App.1995) (finding legislature did not usurp judicial power by denying defendant his right to make peremptory challenges because that right is created only by statute); *see also State ex rel. Hughes v. Kramer,* 702 S.W.2d 517, 520 (Mo.App.1985) (finding legislature did not usurp judicial power by allowing board of probation and parole to elect not to provide probation services to classes of offenders because the judicial discretion of probation is created only by statute).

13. *See* Rule 84.13(b); section 512.160.2; *Gerecke v. Gerecke,* 954 S.W.2d 665, 671 (Mo.App. 1997) (citing *Lewis v. Wahl,* 842 S.W.2d 82, 84–85 (Mo. banc 1992)).

14. On appeal, Father argues the trial court also erred by not removing the GAL for cause. Father filed a motion to disqualify the GAL both as a matter of right and for cause. At trial when his motion was heard, however, Father explicitly abandoned his motion to disqualify for cause stating, "I withdraw it because I have no right." Thereafter, the parties argued Father's motion to disqualify as a matter of right, and the court never considered or ruled on disqualification for cause. Therefore, Father has not preserved, and section 512.160 prohibits us from reviewing, his allegation the trial court erred by not removing the GAL for cause. Section 512.160.1,

but never explains how this misconduct or any conduct by the GAL harmed him or materially affected the merits of his action. Only in his reply brief, in response to Mother asserting the error was harmless, did he first argue the error was not harmless. Even then, however, he only claims the GAL made custody recommendations to the court and the court followed them. Father rhetorically states, "that [Mother] opines that the trial court would have made the same decision without the involvement of the GAL is just that. Respondent's opinion." He never attempts to show how the trial court would have made a different decision had it replaced the GAL.

Contrary to Father's assertion, the error was harmless because the trial transcript and the written findings, conclusions, and judgment of the trial court indicate the trial court only minimally depended on the involvement and recommendation of the GAL. In fact, the trial court never cited the recommendation of the GAL at all. It summarized the pertinent testimony of the witnesses appearing at trial and drew its own conclusions from the evidence to support its judgment. Father never claims these witnesses would not have testified but for the involvement of the GAL, that different witness would have testified if a different GAL were appointed, or that different testimony would have resulted from different witnesses. Indeed, Father called all but two of the witnesses, including Principals Humphrey and Reed, Drs. Byrd and Witbeck, and the director of the residential facility caring for M.U., Ms. Cox. Mother called only herself to testify, and the GAL presented only one piece of evidence relied on by the trial court: Dr. Knowles, who testified as an expert witness about M.U.'s psychological condition. Father never mentions Dr. Knowles, much

less explains how his testimony adversely or materially affected the outcome. Nor would any such claim be persuasive. Father and Mother offered three experts from whom the GAL chose Dr. Knowles, showing Father, in part, selected Dr. Knowles himself. Father also never objected to the qualifications of Dr. Knowles or that he preferred a different expert. In fact, Father testified he believed Dr. Knowles was reasonable and might heed Dr. Knowles' advice regarding the treatment of M.U. if Father won custody.

Even if the testimony of Dr. Knowles somehow harmed Father's case, the error did not affect the outcome because there is evidentiary support for the judgment of the trial court granting Mother's motion to modify custody independent of Dr. Knowles.[15] Though not an expert like Knowles, Dr. Byrd—M.U.'s treating physician who Father called to testify—testified similarly to Dr. Knowles. Both doctors concluded M.U. suffered from depression, which was influenced by both mental and situational factors. Father's approach to examining both doctors was to attempt to show that Mother's inability to discipline their children, put them to sleep, or get them to school exacerbated their psychological problems and justified a change in custody. The trial court, however, did not find either doctor's testimony supported Father's position. In sum, the presentation of Dr. Knowles by the GAL and the GAL's recommendation were immaterial and harmless to the merits of the outcome. Declaring section 452.423.1 unconstitutional, therefore, while erroneous, does not warrant reversal.[16]

## III. THE MOTION TO MODIFY

■■■■ This Court will affirm the judgment of the trial court unless there is

---

RSMo Supp.1999 (stating, in pertinent part, "no allegations of error shall be considered in any civil appeal except such as have been presented to or expressly decided by the trial court"); *see also Blase v. Austin,* 362 Mo. 409, 242 S.W.2d 29, 31–32 (1951).

**15.** *See Gerecke,* 954 S.W.2d at 670.

**16.** *See supra* note 13.

no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law.[17] We also view the evidence and permissible inferences drawn therefrom in the light most favorable to the judgment.[18] We give even more deference to the judgment of the trial court in a custody matter than in other matters.[19] In accordance with these standards, we affirm the judgment of the trial court denying Father's motion to modify custody provisions of a marriage dissolution decree and granting in part and denying in part Mother's motion to modify.

The trial court decided properly because no sufficient change in the circumstances of Mother or the children required it to award custody to Father to protect the best interests of the children.[20] It found the children suffered significant medical and psychological problems that were not caused by Mother's parenting and that Mother successfully addressed these problems. Mother secured counseling and drug treatment, enrolled M.U. in a residential treatment facility, and even moved closer to school to help M.U. attend. The evidence showed these efforts improved the psychological and academic well being of the children. The trial court also found Father was more insensitive to the fact that M.U.'s problems were medical and viewed them as predominately disciplinary in nature. It also found he did not adequately respond to Mother's request for help caring for the needs of the children by failing to attend school conferences and pay his share of medical expenses. It also concluded the children's best interests were better served by Mother because of the poor relationship between the children and their stepmother, Father's current wife.

17. See Murphy v. Carron, 536 S.W.2d 30, 32 (Mo. banc 1976).

18. Hoelscher v. Simmerock, 921 S.W.2d 676, 677 (Mo.App.1996); see also T.B.G. v. C.A.G., 772 S.W.2d 653, 654 (Mo. banc 1989).

19. See Humphrey v. Humphrey, 888 S.W.2d 342, 345 (Mo.App.1994).

## IV. GUARDIAN AD LITEM AND ATTORNEY FEES

According to section 452.355.1, the trial court, "after considering all relevant factors including the financial resources of both parties may order a party to pay a reasonable amount for the cost of the other party of maintaining or defending any proceeding under sections 452.300 and 452.415 and for attorney's fees . . . ." In addition, according to section 452.355.2.

In any proceeding in which the nonpayment of child support is an issue under the provisions of a temporary or permanent court order or decree, if the court finds that the obligor has failed, without good cause, to comply with such order or decree to pay the child support, the court shall order the obligor to pay a reasonable amount for the cost of the suit to the obligee, including sums for legal services.

The order requiring Father to pay the GAL and Mother's attorney fees is justified under both parts of section 452.355. Under 452.355 .1, the trial court considered Father's statement of income and expenses and found he was financially able to pay the fees. It also chastised Father's motion to modify as "entirely without merit" and merely a retort to Mother's request for Father to assist her in addressing the educational problems of M.U. The order of the trial court was also justified under section 452.355.2 because Father owed Mother back payments for medical and hospitalization costs she incurred on behalf of the children.

This Court will reverse an award of GAL and attorney fees only for abuse of discretion, and Father does not show abuse.[21] For instance, he does not contest

20. See Moore v. Moore, 849 S.W.2d 652, 655 (Mo.App.1993) (citing section 452.410.1 RSMo 1991).

21. See Webb v. Fox, 978 S.W.2d 16, 19 (Mo.App.1998) (attorney fees); Lindell v. Coen, 896 S.W.2d 525, 529 (Mo.App.1995) (GAL fees).

he owed back payments for support or that he was financially able to pay Mother's fees. Father merely restates his arguments that the overall judgment of the trial court was erroneous and his motion to modify custody should have been granted.

## V. CONCLUSION

The error of the trial court in denying Father's motion to disqualify the GAL was harmless and the judgment is affirmed.

LIMBAUGH, COVINGTON, HOLSTEIN, WOLFF and BENTON, JJ., concur; PRICE, C.J., concurs in result.