

# SUPREME COURT OF MISSOURI
## en banc

STATE ex rel. T.J.,             )
                                        )
                   Relator,       )

v.                                 )       No. SC98951

THE HONORABLE TERRY CUNDIFF,   )
                                          )
                 Respondent.    )

*Opinion issued October 26, 2021*

## ORIGINAL PROCEEDING IN PROHIBITION

On January 4, 2021, when he was seventeen years old, T.J. is alleged to have committed three felony offenses. The state charged T.J. in the court of general jurisdiction. T.J. moved to dismiss the state's prosecution, arguing the circuit court's juvenile division had the exclusive statutory authority to adjudicate these charges pursuant to legislation enacted in 2018 (hereinafter, "the 2018 legislation"), which raised the age of individuals subject to the juvenile division's authority. The circuit court overruled T.J.'s motion. T.J. seeks a writ of prohibition to prevent the circuit court from taking any further action other than to dismiss the state's prosecution without prejudice so the juvenile division may adjudicate the charges against him.

This Court holds the circuit court did not exceed its authority in overruling T.J.'s motion to dismiss because the general assembly intended the 2018 legislation to become effective only after sufficient funds were appropriated to support the expansion of juvenile division services provided for in the 2018 legislation, which occurred on July 1, 2021. Consequently, the 2018 legislation conferring statutory authority on the juvenile division to adjudicate charges for those individuals younger than eighteen years was not in effect at the time T.J. is alleged to have committed the offenses. Because the state's criminal complaint was filed properly in the court of general jurisdiction, the preliminary writ of prohibition is quashed.

## Factual and Procedural History

T.J. is alleged to have committed felony offenses on January 4, 2021. The state filed a criminal complaint in the court of general jurisdiction charging him with three felony counts. T.J. moved to dismiss the case, arguing the juvenile division had the exclusive statutory authority to adjudicate the charges pursuant to section 211.031.1(3), RSMo Supp. 2018,[1] because he was younger than eighteen years at the time the alleged offenses occurred. The state countered that section 211.031.1(3) did not control because it was not effective at the time T.J. committed the offenses due to a funding contingency contained in section 211.438, which also was enacted in the 2018 legislation. After a hearing, the circuit court overruled T.J.'s motion to dismiss.

_____

[1] All statutory references are to RSMo Supp. 2018 unless otherwise indicated.

T.J. sought a writ of prohibition from the Missouri Court of Appeals, Eastern District, which denied relief. T.J. then filed a writ of prohibition with this Court seeking to compel the circuit court to dismiss the criminal prosecution without prejudice so the juvenile division could adjudicate the charges against him. On April 6, 2021, this Court issued a preliminary writ of prohibition and commanded the circuit court to take no further action in this matter, other than to show cause as to the reasons this writ should not issue, until ordered to do so by this Court.

## Standard of Review

This Court has jurisdiction to issue original remedial writs. Mo. Const. art. V, sec. 4. "The writ of prohibition, an extraordinary remedy, is to be used with great caution and forbearance and only in cases of extreme necessity." *State ex rel. Zahnd v. Van Amburg*, 533 S.W.3d 227, 229 (Mo. banc 2017) (quoting *State ex rel. Douglas Toyota III, Inc. v. Keeter*, 804 S.W.2d 750, 752 (Mo. banc 1991)).

> A writ of prohibition is appropriate: (1) to prevent the usurpation of judicial power when a lower court lacks authority or jurisdiction; (2) to remedy an excess of authority, jurisdiction or abuse of discretion where the lower court lacks the power to act as intended; or (3) where a party may suffer irreparable harm if relief is not granted.

*State ex el. Becker v. Wood*, 611 S.W.3d 510, 513 (Mo. banc 2020).

## Chapter 211 and "Raise the Age" Legislation

A brief overview of the relevant chapter 211 statutes and subsequent amendments is instructive in this Court's resolution of this dispute. Chapter 211's purpose "is to facilitate the care, protection and discipline of children who come within the [statutory authority] of the juvenile [division]." Section 211.011, RSMo 2016. Chapter 211 "shall

3

be liberally construed, therefore, to the end that each child coming within the [statutory authority] of the juvenile [division] shall receive such care, guidance and control as will conduce to the child's welfare and the best interests of the state ...." *Id.*

Prior to the enactment of the 2018 legislation, section 211.021(1), RSMo 2000, defined "adult" as "a person seventeen years of age or older" while section 211.021(2), RSMo 2000, defined "child" as "a person under seventeen years of age." Section11.031.1(3), RSMo 2000, conferred upon the juvenile division the original statutory authority "in proceedings … [i]nvolving any child who is alleged to have violated a state law or municipal ordinance, or any person who is alleged to have violated a state law or municipal ordinance prior to attaining the age of seventeen years."

In 2008, the legislature amended the definitions of "adult" and "child." Section 211.021(1), RSMo Supp. 2008, defined "adult" as "a person seventeen years of age or older except for seventeen year old children as defined in this section." Section 211.021(2), RSMo Supp. 2008, defined "child" as "any person under seventeen years of age and … any person over seventeen but not yet eighteen years of age alleged to have committed a status offense." Section 211.021 also included a funding contingency provision stating the amendments would not become effective until the general assembly appropriated certain funds for additional juvenile division personnel. Section 211.021.2, RSMo Supp. 2008.[2]

---

[2] This section provided in pertinent part:
> The amendments to subsection 1 of this section, as provided for in this act, shall not take effect until such time as appropriations by the general assembly for additional juvenile officer full-time equivalents and deputy juvenile

Ten years later, the general assembly enacted the 2018 legislation, commonly referred to as "Raise the Age," which increased the age an individual may be prosecuted in the court of general jurisdiction from seventeen years of age to eighteen years of age, along with several other provisions governing juvenile division proceedings. Accordingly, the legislature amended section 211.021(2)'s definition of "child" to mean "any person under eighteen years of age" and amended section 211.021(1) to define "adult" as "a person eighteen years of age or older." Section 211.031.1(3) also was amended to confer upon the juvenile division original statutory authority "in proceedings … [i]nvolving any child who is alleged to have violated a state law or municipal ordinance, or any person who is alleged to have violated a state law or municipal ordinance prior to attaining the age of eighteen years." The 2018 legislation included two statutes regarding appropriation and the effective date. Section 211.438 provided, "Expanding services from seventeen years of age to eighteen years of age is a new service and shall not be effective until an appropriation sufficient to fund the expanded service is provided therefor." Section 211.439 provided the repeal and enactment of relevant provisions of chapter 211, including sections 211.021 and 211.031, "shall become effective on January 1, 2021."

---

officer full-time equivalents shall exceed by one million nine hundred thousand dollars the amount spent by the state for such officers in fiscal year 2007 and appropriations by the general assembly to single first class counties for juvenile court personnel costs shall exceed by one million nine hundred thousand dollars the amount spent by the state for such juvenile court personnel costs in fiscal year 2007 and notice of such appropriations has been given to the revisor of statutes.

(Footnote omitted).

5

In 2021, the general assembly made additional changes to chapter 211 through combined Senate Bill Numbers 53 and 60 (hereinafter, "the 2021 legislation"). The 2021 legislation included section 211.012, which provides, "For purposes of this chapter, section 221.044, and the original [statutory authority] of the juvenile [division], a person shall not be considered a child if, at the time the alleged offense or violation was committed, the person was considered an adult according to then-existing law." The 2021 legislation also repealed sections 211.438 and 211.439. The 2021 legislation declared:

> Because immediate action is necessary to protect children, [and] because immediate action is necessary to expand services from seventeen years of age to eighteen years of age … the enactment of section[] 211.012 … and the repeal of sections 211.438 and 211.439 … are deemed necessary for the immediate preservation of the public health, welfare, peace, and safety, and are hereby declared to be an emergency act within the meaning of the constitution, and the enactment of section[] 211.012 … and the repeal of sections 211.438 and 211.439 … shall be in full force and effect upon its passage and approval.

The governor signed the 2021 legislation into law on July 14, 2021. The legislature appropriated funds for the 2018 legislation in its fiscal year 2022 budget, which went into effect on July 1, 2021.

## Analysis

T.J. argues he is entitled to an order prohibiting the circuit court from taking any further action other than sustaining his motion to dismiss because the circuit court had no statutory authority to permit the state to prosecute him in the court of general jurisdiction because he was seventeen years old at the time of the alleged offenses. T.J. relies on section 211.439, which provides the 2018 legislation—including section 211.031.1(3)—became effective on January 1, 2021. The state counters that section 211.438 states the

6

2018 legislation did not become effective until an appropriation sufficient to fund the expanded services was enacted by the legislature, which occurred on July 1, 2021.

"This Court's primary rule of statutory interpretation is to give effect to legislative intent as reflected in the plain language of the statute at issue." *State ex rel. Robison v. Lindley-Myers*, 551 S.W.3d 468, 472 (Mo. banc 2018) (quoting *Parktown Imps., Inc. v. Audi of Am., Inc.*, 278 S.W.3d 670, 672 (Mo. banc 2009)). "In construing a statute, the Court must presume the legislature was aware of the state of the law at the time of its enactment." *D.E.G. v. Juv. Officer of Jackson Cnty.*, 601 S.W.3d 212, 216 (Mo. banc 2020) (quoting *Suffian v. Usher*, 19 S.W.3d 130, 133 (Mo. banc 2000)). "Accordingly, when the legislature amends a statute, we presume the legislature intended to change the existing law." *Id*. "The provisions of a legislative act are not read in isolation but construed together, and if reasonably possible, the provisions will be harmonized with each other." *R.M.A. by Appleberry v. Blue Springs R-IV Sch. Dist.*, 568 S.W.3d 420, 429 (Mo. banc 2019) (quoting *Bachtel v. Miller Cnty. Nursing Home Dist.*, 110 S.W.3d 799, 801 (Mo. banc 2003)). Because these statutes were passed in the same legislative session as part of the same legislative act, this Court must attempt to harmonize them in such a way as to give each statute meaning, if possible.

Sections 211.438 and 211.439 appear to provide ostensibly conflicting effective dates for different provisions of the 2018 legislation in that section 211.439 provides an effective date of January 1, 2021, while section 211.438 provides expanded services for seventeen-year-olds will take effect only after sufficient appropriations have been made to pay for the services. The expansion of services from seventeen to eighteen years of age

was accomplished by the 2018 legislation amending the definition of "child" to include seventeen-year-olds in section 211.021(2), which serves as the catalyst for providing juvenile division services. Yet, T.J. believes section 211.438 has no bearing on his case because this statute does not address or concern the juvenile division's exclusive statutory authority to adjudicate the charges, only the expansion of services to seventeen-year-olds. T.J. contends services are wholly irrelevant unless, first, he were found delinquent, which cannot occur until the juvenile division exercises its statutory authority.

The state disagrees, citing the juvenile officer's testimony it presented at the hearing on T.J.'s motion to dismiss. The juvenile officer testified services are rendered during the disposition and adjudication process and it was "a rare occasion" in which there is a juvenile division disposition and "the only service may be reporting to a deputy juvenile officer for a short period of time." The juvenile officer further testified his particular juvenile office had not received any funds and extending services to seventeen-year-olds without additional funding would be "prohibitively expensive."

"Statutes cannot be interpreted in ways that yield unreasonable or absurd results[.]" *State v. Nash*, 339 S.W.3d 500, 508 (Mo. banc 2011). Coming within the juvenile division's statutory authority, in and of itself, is a service, which may occur only if an individual is defined as a "child" for purposes of chapter 211. T.J.'s proposed construction of section 211.438 leads to an absurd result. The general assembly would not give the juvenile division statutory authority over seventeen-year-olds while simultaneously preventing the juvenile division from actually providing these same seventeen-year-olds services until sufficient funds are appropriated. A more reasonable construction that gives

both sections meaning would be to find section 211.439 sets the earliest date the 2018 legislation could take effect, while section 211.438 provides that the expansion of services would not take effect at that earliest date if the general assembly had not yet appropriated sufficient funds for the expansion of services. This interpretation gives effect to both statutes while harmonizing these sections of the same legislative act.

Under this interpretation, if the funding contingency was not met by January 1, 2021, then the expansion of services did not take effect on that date as otherwise contemplated by section 211.439. Accordingly, the juvenile division did not have the statutory authority to proceed in any matter involving any child who is alleged to have violated a state law or municipal ordinance, or any person who is alleged to have violated a state law or municipal ordinance prior to attaining the age of eighteen years until July 1, 2021, when the funding was appropriated pursuant to the 2018 legislation.

The state urges this Court to declare section 211.012, enacted by the 2021 legislation, provides a bright-line rule for the courts to follow in determining whether an individual was considered a child pursuant to chapter 211 at the time of the offense, which will determine which division of the circuit court has authority to adjudicate the claims. Section 211.012 provides, "For purposes of this chapter, section 221.044, and the original [statutory authority] of the juvenile [division], a person shall not be considered a child if, at the time the alleged offense or violation was committed, the person was considered an adult according to then-existing law."

T.J. argues section 211.012 restricts only the definition of "child" and was not intended to impact the independent clause in section 211.031.1(3) concerning a "person

9

who is alleged to have violated a state law or municipal ordinance prior to attaining the age of eighteen years[.]" T.J. further contends section 211.012 has no bearing on his case because section 211.031.1(3) as amended in the 2018 legislation provides an independent basis for the juvenile division to exercise its statutory authority in his case. T.J. relies on *J.O.N. v. Juvenile Officer*, 777 S.W.2d 633, 634 (Mo. App. W.D. 1989), in which the court held "[t]he legislature's use of the word 'person' in [section 211.031.1(3)] is deliberate and significant" because it demonstrates the juvenile division has statutory authority in any "proceeding involving a *person*, regardless of age, who is alleged to have violated a state law prior to attaining the age of [eighteen] years" as enumerated in section 211.031.1(3) after the 2018 legislation became effective. (Emphasis in original). Hence, T.J. believes, because he was seventeen years old at the time the offenses are alleged to have been committed, section 211.031.1(3) confers upon the juvenile division statutory authority to adjudicate the charges.

Although section 211.012 was not enacted until after T.J. is alleged to have committed the offenses, this Court believes section 211.012 merely codifies in chapter 211 the well-settled premise that "a defendant must be tried for the offense as defined by the law that existed at the time of the offense." *State v. Pierce*, 433 S.W.3d 424, 427 n.1 (Mo. banc 2014) (quoting *State v. Edwards*, 983 S.W.2d 520, 521 (Mo. banc 1999)). When examining the law as it existed on January 4, 2021, when T.J. is alleged to have committed the offenses, section 211.438 had not been repealed nor had the general assembly appropriated sufficient funds to expand the juvenile division's services to seventeen-year-olds. Consequently, the 2018 legislation amending the definition of "child" to include

10

seventeen-year-olds and conferring statutory authority upon the juvenile division also was not in effect. Instead, section 211.021(1), RSMo 2016, defined an "adult" as "a person seventeen years of age or older except for seventeen year old children as defined in this section." Section 211.031.1(3), RSMo 2016, conferred upon the juvenile division statutory authority "in proceedings … [i]nvolving any child who is alleged to have violated a state law or municipal ordinance, or any person who is alleged to have violated a state law or municipal ordinance prior to attaining the age of seventeen years."

Hence, T.J.'s reliance on *J.O.N.* is misplaced. T.J. was seventeen years old at the time the alleged offenses were committed. He was considered an adult for purposes of chapter 211 pursuant to section 211.021(1)'s definition in effect at the time of the alleged offenses, and he was not a "person" contemplated under section 211.031.1(3) in that he allegedly committed the offenses after attaining the age of seventeen years. Accordingly, the juvenile division did not have the statutory authority to adjudicate the charged offenses. The circuit court did not err in overruling T.J.'s motion to dismiss the state's prosecution in the court of general jurisdiction.

## Conclusion

The preliminary writ of prohibition is quashed.

_____
GEORGE W. DRAPER III, Judge

All concur.

11