STATE of Missouri, Appellant,

v.

Anthony Robert MIGNONE,
Respondent.

No. WD 75654.

Missouri Court of Appeals,
Western District.

Oct. 22, 2013.

Alyssa M. Mayer, for Appellant.

Jeffrey S. Eastman, Gladstone, for Respondent.

Before Special Division: ZEL FISCHER, Special Presiding Judge, VICTOR C. HOWARD, Judge and MARK D. PFEIFFER, Judge.

**VICTOR C. HOWARD, Judge.**

The State appeals from the judgment of the motion court dismissing with prejudice the charge against Anthony Mignone for driving while intoxicated in violation of section 577.010.[1] The motion court's dismissal was based on section 577.037.5, which requires dismissal with prejudice of a driving while intoxicated charge where the defendant has had a properly administered chemical breath analysis resulting in a blood alcohol content reading of less than eight hundredths of a percent and none of three evidentiary exceptions are met.

On appeal, the State claims that the trial court erred in dismissing the charge for lack of substantial evidence because "substantial evidence" is a legal standard and was met by the evidence presented by the State at the hearing on the motion to dismiss. The State also claims the trial court erred in dismissing the charge on the grounds that the State did not present evidence that the breath sample was unreliable due to a lapse of time, because the statute only requires the State to produce some evidence that the breath test was unreliable due to a lapse of time, which it did through testimony of a witness and breath test evidence.

### Factual and Procedural History

On August 26, 2011, Anthony Mignone was stopped by a trooper with the Missouri Highway Patrol for a traffic violation. According to the trooper's testimony, he noticed the odor of an alcoholic beverage emitting from inside the vehicle. After speaking with Mignone, the trooper obtained his driver's license and requested that he join him inside his patrol car. In the patrol car, the trooper conversed more with Mignone and continued to detect the strong odor of an alcoholic beverage. He testified that Mignone admitted having drinks when asked. The trooper also said that he noticed Mignone's eyes were bloodshot and glassy. The trooper stated that he then asked Mignone to submit to some field sobriety tests, and he administered the horizontal gaze nystagm us test, the walk and turn test, and the one leg stand test.

The trooper testified that he assumed that Mignone could not operate a motor vehicle safely based on the tests, and he placed Mignone under arrest for driving while intoxicated. The arrest took place at 3:06 a.m. Mignone was transported to the jail and afforded time to contact an attorney. The trooper then read Mignone the Implied Consent Advisory, and Mignone consented to a chemical test. At the conclusion of a fifteen minute period of observation, Mignone submitted a breath test sample resulting in a blood alcohol content reading of .075%. The test was administered at 4:38 a.m. Mignone was asked to submit to a second testing of his breath,

---

1. All statutory references are to RSMo Cum. Supp.2012 unless otherwise indicated.

and at 5:46 a.m., the second sample resulted in a blood alcohol content reading of .051%.

Mignone was charged by uniform citation with the class B misdemeanor of Driving While Intoxicated, and Mignone then filed a motion to dismiss citing section 577.037. At a hearing on the motion, the State presented the evidence detailed above through the trooper's testimony and offered the results of the breath test. Mignone did not present evidence at the hearing but did challenge the State's evidence through cross-examination and argument. After argument by the parties, the case was taken under advisement. The trial court then issued an order granting Mignone's motion and dismissing the State's case with prejudice. In its order, the court found

> that a chemical analysis of Defendant's breath sample was less than eight-hundredths of one percent of alcohol in defendant's blood ... that there was no evidence submitted that the chemical analysis is unreliable as evidence of the defendant's intoxication at the time of the alleged violation due to the lapse of time between the alleged violation and obtaining of the specimen. No evidence was presented that defendant was under the influence of a controlled substance or a combination of a controlled substance and alcohol ... [and] there was no substantial evidence of intoxication from the physical observation of the state's witness or the admissions of defendant as presented in evidence.

This appeal followed.

### Standard of Review

■ We have not previously adopted a standard of review for an appeal from a court's dismissal pursuant to section

577.037.5. Considering the function of the trial court, as set out in the statute, we will reverse the dismissal only if it is clearly erroneous.[2] That means we must be left with a definite and firm impression that a mistake has been made. *State v. Sparkling*, 363 S.W.3d 46, 49 (Mo.App. W.D. 2011). As in other adversarial proceedings, "we view the evidence presented and all reasonable inferences drawn therefrom in the light most favorable to the trial court's order and disregard all evidence and inferences to the contrary." *State v. Abeln*, 136 S.W.3d 803, 808 (Mo.App. W.D. 2004). We defer to the factual findings and credibility determinations made by the trial court, remembering that the trial court "may choose to believe or disbelieve all or any part of the testimony presented by the State, even though it may be uncontradicted, and may find the State failed to meet its burden of proof." *Id.* at 808–09 (emphasis and internal quotes and citation omitted).

### Analysis

The State raises two points on appeal. First, the State claims that the trial court erred in dismissing the charge for lack of substantial evidence because "substantial evidence" is a legal standard and was met by the evidence presented by the State at the hearing on the motion to dismiss. The State also claims the trial court erred in dismissing the charge on the grounds that the State did not present evidence that the breath sample was unreliable due to a lapse of time, because the statute only requires the State to produce some evidence that the breath test was unreliable due to a lapse of time, which it did through testimony of a witness and breath test evidence.

**2.** The legislature provided a procedure to file a pretrial motion to dismiss which presumes

evidence will be taken and factual determinations will be made by the trial court.

Mignone's motion to dismiss was premised on section 577.037.5, which mandates that a charge alleging violation of section 577.010 "shall" be dismissed with prejudice if a chemical analysis of the defendant's breath

demonstrate[s] that there was less than eight-hundredths of one percent of alcohol in the defendant's blood unless one or more of the following considerations cause the court to find a dismissal unwarranted:

(1) There is evidence that the chemical analysis is unreliable as evidence of the defendant's intoxication at the time of the alleged violation due to the lapse of time between the alleged violation and the obtaining of the specimen;

(2) There is evidence that the defendant was under the influence of a controlled substance, or drug, or a combination of either or both with or without alcohol; or

(3) There is substantial evidence of intoxication from physical observations of witnesses or admissions of the defendant.

The plain language of section 577.037.5 calls for the court to weigh evidence and evaluate witness credibility in order to decide whether certain "considerations" render dismissal "unwarranted." Clearly, the statute calls upon the trial court to make a judgment about the nature and quality of the evidence, because that evidence must "cause the court to find" something. Dismissal is the default position, and, although not specifically stated in the statute, the clear implication is that the burden of persuasion is on the State to come forward with evidence to "cause the court to find a dismissal unwarranted." [3]

■ In this case, the State introduced evidence in an attempt to cause the court to find that dismissal was unwarranted. Mignone contested that evidence. To contest evidence, a party is not required to present contradictory or contrary evidence. *White v. Dir. of Revenue*, 321 S.W.3d 298, 308 (Mo. banc 2010). Other ways a party can contest evidence are by cross-examination, by pointing out internal inconsistencies in the evidence, or by challenging the credibility of a witness. *Id.* Mignone contested the evidence through cross-examination of the trooper regarding his observations and by argument to the trial court regarding the nature and the quality of the evidence. "The trial court is afforded wide discretion in resolving conflicts in the evidence, even where there is evidence that would support a different result." *Hursh v. Dir. of Revenue*, 272 S.W.3d 914, 917 (Mo.App. W.D.2009) (internal quotation omitted).

■ In its first point on appeal, the State argues that, as used in section 577.037.5(3), the phrase "substantial evidence" has the same significance as it does in the context of a post-conviction review of the sufficiency of the evidence, that is, that the court should determine only whether the State produced competent evidence from which a reasonable jury could have found the defendant guilty beyond a reasonable doubt. But that standard of review presupposes that a fact finder has already weighed the evidence and found it believable so as to support a certain proposition urged by the party with the burden

**3.** Section 577.037.5 shifts the burden of proof for a motion to dismiss to the State. Normally, the burden of proof for a motion to dismiss criminal charges is on the defendant. *See* Rule 24.04(b)(2). Section 577.037.5 relieves the defendant of this burden where a chemical breath analysis demonstrates that there was less than .08% of alcohol in the defendant's blood at the time of the test.

of persuasion. Here, the trial court did not find the evidence supported any proposition at all, let alone the one proposed by the State—that dismissal was unwarranted.

Section 577.037.5(3) requires the trial court to weigh evidence and evaluate witness credibility to decide whether there was "substantial evidence" of intoxication from physical observations of witnesses or admissions of the defendant so as to make the dismissal unwarranted. Substantial evidence is "competent evidence, which if believed, would have probative force upon the issues." *Citizens for Rural Pres., Inc. v. Robinett,* 648 S.W.2d 117, 124 (Mo.App. W.D.1982). "Competent evidence is relevant and admissible evidence that can establish the fact at issue." *State ex rel. Gannett Outdoor Co. of Kansas City v. City of Lee's Summit,* 957 S.W.2d 416, 419 (Mo.App. W.D.1997).

The only evidence presented at the hearing was the testimony of the state trooper and the breath test report. Although Mignone did not testify or put on evidence of his own to contradict the State's evidence, the trial court was free to accept or reject any or all of the testimony presented. Because the burden was on the State to cause the court to find a dismissal unwarranted, it was not necessary for Mignone to produce any evidence. Even so, there was favorable evidence to support the dismissal. For example, there was no evidence of erratic driving, and there was nothing unusual about Mignone's speech, such as slurring or hesitation. During the walk and turn test, Mignone touched heel to toe on each of his eighteen steps, turned correctly by leaving his front foot planted, and finished without stopping to balance himself.

The trial court did not err in finding that there was no substantial evidence of intoxication from the physical observation of the State's witness or the admissions of defendant to make a dismissal unwarranted. The State's first point on appeal is denied.

■■■ The State argues in its second point that, because the language of section 577.037.5(1) says "[t]here is evidence" rather than "[t]here is substantial evidence," as in subsection three, it signifies that any evidence of unreliability of a chemical analysis will suffice. In other words, substantial evidence—evidence with probative force on the issue—is not necessary to carry the State's burden. Mignone's argument in response to the State's second point is the same as for the first—that the trial court was free to weigh the evidence presented and believe or disbelieve any or all of it and that our review defers to the court's determinations of weight and credibility. Regardless of any distinction between the "evidence" and "substantial evidence" language used in the statute, the trial court must still determine the reliability and usefulness of any evidence submitted on a given issue. For example, in the context of a preliminary hearing, where a judge determines if there is sufficient evidence to bind a defendant over for trial, the trial judge is the sole judge of the competency and reliability of the evidence and the weight to be given to it. *State v. Gardner,* 600 S.W.2d 614, 618 (Mo.App. S.D.1980); *State v. Admire,* 495 S.W.2d 132, 133 (Mo.App.1973). The judge is not required to accept as true all evidence submitted by the State.

Presumably, the State was attempting to establish an inference that Mignone's blood alcohol content was at least .08% at the time he was driving because of the time lapse between the stop and the first blood test coupled with the results of the second test showing a declining amount of alcohol in his blood. The State's evidence regarding the breath test came from the state trooper, who testified as to when he

arrested Mignone, when the two breath tests were given, and the results of those tests. The State, however, did not present evidence regarding the reliability of the breath tests based upon their timing including the scientific significance and meaning of the differing test results.[4] As such, the trial court did not err when it found "there was no evidence submitted that the chemical analysis is unreliable as evidence of the defendant's intoxication at the time of the alleged violation due to the lapse of time between the alleged violation and obtaining of the specimen." The State's second point on appeal is denied.

The judgment of the motion court is affirmed.

All concur.

---

4. "Knowledge of the metabolism of alcohol in human beings does not normally fall within the bounds of a juror's knowledge" so as to permit expert testimony. *Henderson v. Fields,* 68 S.W.3d 455, 481 (Mo.App. W.D.2001).