**STATE EX REL. REGIONAL CONVENTION and Sports Complex Authority, Relator,**

v.

**The Honorable Michael D. BURTON, Respondent.**

**No. SC 96225**

Supreme Court of Missouri, en banc.

Opinion issued November 21, 2017

The sports authority was represented by Christopher O. Bauman, Robert D. Blitz, Glenn A. Norton and Teresa D. Pupillo of Blitz, Bardgett & Deutsch LC in St. Louis, (314) 863-1500.

The Rams were represented by Roger K. Heidenreich, Elizabeth T. Ferrick, Adam S. Johnson and Amy E. Sestric of Dentons US LLP in St. Louis, (314) 241-1800.

W. Brent Powell, Judge

The Regional Convention and Sports Complex Authority (the Authority) seeks a writ of mandamus compelling the circuit court to stay arbitration of the Authority's claims in its petition for declaratory judgment and to reinstate the cause on the circuit court's docket. This Court quashes the preliminary writ of mandamus.

## I. Factual and Procedural History

The Authority leased a training facility to the St. Louis Rams, LLC, in Earth City. The Authority filed a three-count petition for declaratory judgment against the Rams, seeking to void provisions in the lease granting the Rams an option to purchase the training facility for $1.

The Rams filed a motion to compel arbitration, arguing the Authority's claims fall within the scope of the lease's arbitration provisions found in paragraph 45 of schedule I of the lease. Paragraph 45 requires arbitration of "[a]ll disputes between the Parties hereto arising out of this Lease." Schedule I of the lease provides, in relevant part: "Any controversy, dispute or claim between the Parties hereto including, without limitation, any claim arising out of, in connection with, or in relation to the interpretation, performance or breach of this Lease shall be settled by arbitration.... Such arbitration shall be the exclusive dispute resolution mechanism." The Authority filed a motion to stay arbitration, arguing the lease does not require arbitration of the declaratory judgment action. The Authority relied on an attorney fee provision in the lease authorizing fees for a party seeking relief in a "proceeding to ... declare rights" under the lease and subsequently obtaining a "judgment." The Authority also noted other lease provisions referring to the right of a party "to institute suit," the right of a party to obtain "cumulative ... remedies at law or in equity," and "litigation between the Parties concerning this Lease."

The circuit court sustained the Rams' motion to compel arbitration, overruled the Authority's motion to stay arbitration, and dismissed the underlying action. The Authority then filed a petition for a writ of mandamus in the court of appeals seeking to stay arbitration and reinstate the declaratory judgment action on the circuit court's docket. After the court of appeals issued a preliminary writ and made the writ permanent following additional briefing and argument, this Court transferred the case pursuant to article V, § 10 of the Missouri Constitution.

## II. Analysis

This Court has the authority to "issue and determine original remedial

writs," such as the extraordinary writ of mandamus. *See* Mo. Const., art. V, § 4.1. "[A] writ of mandamus is an appropriate mechanism to review whether a motion to compel arbitration was improperly sustained." *State ex rel. Hewitt v. Kerr*, 461 S.W.3d 798, 805 (Mo. banc 2015). "A litigant seeking 'relief by mandamus must allege and prove that he has a clear, unequivocal, specific right to a thing claimed.'" *Id.* This court reviews whether a circuit court should have granted a motion to compel arbitration *de novo. Eaton v. CMH Homes*, 461 S.W.3d 426, 431 (Mo. banc 2015).

■ The Federal Arbitration Act (FAA), which governs the applicability and enforceability of arbitration agreements, "evinces a liberal policy favoring arbitration agreements so that disputes might be resolved without resort to the courts."[1] *Dunn Indus. Grp., Inc. v. City of Sugar Creek*, 112 S.W.3d 421, 427 (Mo. banc 2003). As such, any doubts as to arbitrability are to be resolved in favor of arbitration. *Id.* at 429. Arbitration clauses may be broad or narrow. *Id.* at 428. A narrow arbitration provision limits arbitration to specific disputes; a broad provision covers all disputes arising from the contract. *Id.* "Where an arbitration clause is broad and contains no express provision excluding a particular grievance from arbitration, only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail." *Id.* at 429 (citing *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 584-85, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960)).

■ In determining whether a specific dispute falls within the scope of an arbitration agreement, this Court must rely on the principles of contract interpretation so as to ascertain the intention of the parties and to give effect to that intent. *Id.* at 428. "The terms of a contract are read as a whole to determine the intention of the parties and are given their plain, ordinary, and usual meaning." *Id.* "Additionally, each term of a contract is construed to avoid rendering other terms meaningless." *Id.* In analyzing these disputes, this Court will determine whether "the specific dispute falls within the substantive scope of [the arbitration] agreement." *Id.* at 427-28.

■ The arbitration clause in this case provides, in relevant part: "All disputes between the Parties hereto arising out of this Lease shall be subject to the provisions of, and adjudicated in accordance with, the Arbitration Agreement attached hereto...." The arbitration agreement provides, in relevant part: "Any controversy, dispute, or claim between the Parties hereto including, without limitation, any claim arising out of, in connection with, or in relation to the interpretation, performance or breach of this Lease shall be settled by arbitration.... Such arbitration shall be the exclusive dispute resolution mechanism." The Authority argues the arbitration provisions are not broad because other parts of the lease contain terms referring to litigation, and, even if broad, the parties intended to exclude declaratory relief claims from arbitration.[2]

1. The Rams moved in the circuit court to compel arbitration pursuant to the FAA, and the Authority has not disputed the applicability of the FAA.

2. The Authority further contends the arbitration agreement is unenforceable because it is not supported by consideration. This argument is without merit. "Consideration consists either of a promise (to do or refrain from doing something) or the transfer or giving up of something of value to the other party." *Baker v. Bristol Care, Inc.*, 450 S.W.3d 770, 774 (Mo. banc 2014) (internal quotations omitted). Additional consideration for an arbi-

This Court must look at the lease provisions the Authority contends contradict a broad reading of the arbitration clause. While section 26 mentions "remedies at law," this provision is prefaced by language subjecting it to the arbitration provisions. The language in section 41, which addresses instituting litigation in the context of making payments "under protest," does not apply to this case. The reference in section 30 that pertains to prevailing parties who receive a "judgment" is in the "Attorneys' Fees" section, and is not meant to indicate how the prevailing party obtains his relief but rather establishes that attorney fees are available. Finally, the language in section 28 ("Any litigation between the Parties hereto . . . concerning this Lease shall be initiated in the City or County of St. Louis . . . .") may create a conflict, but, in light of the arbitration language in schedule I of the lease, the intent is to control where litigation must be initiated when the parties seek to enforce their rights under the arbitration provisions. As this case illustrates, arbitration agreements often land in court when parties seek to enforce their rights under such agreements.

■ Although there are inconsistencies in the lease agreement, the parties' intent to arbitrate disputes involving the lease is clear. "Language excluding certain disputes from arbitration must be clear and unambiguous or unmistakably clear." *Dunn*, 112 S.W.3d at 429. The language cited by the Authority does not unambiguously or unmistakably exclude a declaratory judgment action from the arbitration provision. Rather, the language of the arbitration provisions is broad. Because there is not the "most forceful evidence" of the parties' intent to exclude the claim from arbitration, any doubt as to arbitra-

tration clause is unnecessary "as long as the contract as a whole meets the consideration

bility must be resolved in favor of the application of the arbitration clause. *See id.*

### III. Conclusion

The preliminary writ of mandamus is quashed.

All concur.

requirement." *Eaton v. CMH Homes, Inc.*, 461 S.W.3d 426, 433 (Mo. banc 2015).