

# SUPREME COURT OF MISSOURI
## en banc

STATE OF MISSOURI ex rel.     )
WILLIS MCCREE,     )
    )
    Relator,     )
    )
v.     )     No. SC97186
    )
THE HONORABLE     )
WESLEY DALTON,     )
    )
    Respondent.     )

*Opinion issued March 19, 2019*

## ORIGINAL PROCEEDING IN MANDAMUS

Willis McCree seeks a writ of mandamus to compel the circuit court to dismiss with prejudice McCree's charge of driving while intoxicated. McCree filed a motion under section 577.037.2,[1] arguing that because the chemical analysis demonstrated his blood alcohol concentration was under .08 percent, and the State did not present evidence

---

[1] McCree improperly cites section 577.037.5, RSMo Supp. 2012. While this was the statute in effect when he was arrested and charged, it was not the statute in effect in August 2017, when he filed his motion. In August 2017, section 577.037.2, RSMo 2016, was the applicable statute. "[R]ules of evidence govern the procedure for admission of evidence and so the rules in effect at trial are followed." *Stiers v. Dir. of Revenue*, 477 S.W.3d 611, 618 (Mo. banc 2016). The two versions of the statute are similar, but their language and structure differ slightly. Because section 577.037 defines the procedure for the admission of breath test results, section 577.037.2, RSMo 2016, governs. All statutory references are to RSMo 2016 unless otherwise specified.

to prove the dismissal was unwarranted, the charge should be dismissed. The circuit court overruled McCree's motion, and the matter remains set for trial.

McCree has not demonstrated a clear and unequivocal right to the dismissal of his charge because the plain language of section 577.037.2 does not require a pretrial hearing or pretrial determination on the motion. Further, under this Court's rules, the circuit court has discretion to order that a hearing and determination on the motion be deferred until trial. The circuit court's overruling of the motion effectively deferred the matter until trial, and McCree can seek relief on appeal. This Court quashes its preliminary writ of mandamus.

## Background

McCree parked his vehicle on the side of the road in Warren County after it broke down. A sheriff's deputy arrived on the scene and asked McCree to exit the vehicle. As he did so, the deputy smelled a heavy odor of intoxicants and observed that McCree had watery eyes and difficulty standing. McCree admitted to the deputy he had consumed three to four beers, and he staggered as he spoke.

The deputy arrested McCree for driving while revoked and transported him to the county jail, where he was arrested for driving while intoxicated. He refused to complete field sobriety tests or a chemical test of his breath. The deputy obtained a search warrant to determine McCree's blood alcohol concentration. McCree provided two blood samples revealing alcohol concentration levels of .052 percent and .039 percent.

The State charged McCree by information with one count of the class B felony of driving while intoxicated under section 577.010, RSMo Supp. 2014, and one count of

driving while revoked under section 302.321, RSMo Supp. 2014. The matter was set for jury trial. McCree filed a motion under section 577.037.2, arguing that because the chemical analysis demonstrated his blood alcohol concentration was less than .08 percent, the charge should be dismissed because the State failed to present evidence to prove dismissal unwarranted. The circuit court held a hearing on the motion. Neither the State nor McCree called any witnesses or presented any evidence. The circuit court overruled the motion, and the matter remains set for trial on March 21, 2019.

McCree filed a petition for a writ of mandamus in the court of appeals, seeking to compel the circuit court to dismiss with prejudice the charge of driving while intoxicated. The court of appeals denied the petition. This Court issued a preliminary writ. McCree now seeks a permanent writ of mandamus from this Court.

**Jurisdiction and Standard of Review**

This Court has the authority to issue and determine original remedial writs. Mo. Const. art. V, sec. 4. A litigant seeking a writ of mandamus "must allege and prove that he has a clear, unequivocal, specific right to a thing claimed." *State ex rel. Hewitt v. Kerr*, 461 S.W.3d 798, 805 (Mo. banc 2015) (quoting *Furlong Cos., Inc. v. City of Kansas City*, 189 S.W.3d 157, 166 (Mo. banc 2006)). "This right may arise from a statute that creates a right but does not explicitly provide mandamus as a remedy to enforce the right." *Id.* Ordinarily, mandamus should not be used to control or direct the circuit court's exercise of discretionary powers. *State ex rel. Mertens v. Brown*, 198 S.W.3d 616, 618 (Mo. banc 2006). Mandamus is inappropriate when there is remedy

3

through appeal. Rule 84.22(a); *State ex rel. Kauble v. Hartenbach*, 216 S.W.3d 158, 159 (Mo. banc 2007).

## Analysis

This case presents the question whether McCree has a clear and unequivocal right to the pretrial dismissal of his charge of driving while intoxicated when a pretrial hearing on his section 577.037.2 motion was held and neither he nor the State presented any evidence at the hearing. McCree argues that under these facts, he has a clear and unequivocal right to have the charge of driving while intoxicated dismissed.

Section 577.037.2 states, in pertinent part:

2. If a chemical analysis of the defendant's breath, blood, saliva, or urine demonstrates there was eight-hundredths of one percent or more by weight of alcohol in the person's blood, this shall be prima facie evidence that the person was intoxicated at the time the specimen was taken. If a chemical analysis of the defendant's breath, blood, saliva, or urine demonstrates that there was less than eight-hundredths of one percent of alcohol in the defendant's blood, *any charge alleging a criminal offense related to the operation of a vehicle, vessel, or aircraft while in an intoxicated condition shall be dismissed with prejudice unless one or more of the following considerations cause the court to find a dismissal unwarranted*:

(1) There is evidence that the chemical analysis is unreliable as evidence of the defendant's intoxication at the time of the alleged violation due to the lapse of time between the alleged violation and the obtaining of the specimen;

(2) There is evidence that the defendant was under the influence of a controlled substance, or drug, or a combination of either or both with or without alcohol; or

(3) There is substantial evidence of intoxication from physical observations of witnesses or admissions of the defendant.

(Emphasis added.).

4

Although the language in section 577.037.2 indicates what evidence the State must present to avoid dismissal of the case when a motion is made, it makes no mention of *when* the State must present the evidence or at what point the circuit court must rule on the motion. When interpreting a statute, its clear and unambiguous language must be given effect, and words cannot be added by implication. *State ex rel. Young v. Wood*, 254 S.W.3d 871, 873 (Mo. banc 2008). Section 577.037 does not provide for a pretrial hearing or pretrial determination by the circuit court. Had the legislature intended section 577.037 to require a pretrial hearing or pretrial determination, it could have included this requirement.[2] The plain language of section 577.037 does not confer a statutory right to a pretrial hearing or pretrial determination by the circuit court.[3]

Section 577.037 is consistent with this Court's rules in that neither confers a right to a pretrial hearing or pretrial determination. Under Rule 24.04(b), a motion raising defenses or objections "shall be heard and determined before trial on application of the state or the defendant, unless the court orders that the hearing and determination thereof

_____

[2] For instance, in section 559.115, which governs when an offender may be granted probation, the legislature is explicit that a hearing is required prior to a circuit court's denial of an offender's probation. Section 577.037 contains no such requirement.

[3] The dissent argues that because no evidence was produced at the hearing the circuit court had a statutory obligation to dismiss the charge. Slip op. at 5. But the dissent is unable to point to specific language in section 577.037 requiring the State to produce evidence prior to trial or conferring a statutory right to a pretrial hearing or pretrial ruling. The dissent also emphasizes that the legislature's use of the term "dismissal" rather than "acquittal" in section 577.037.2 is consequential. Slip op. at 6. But the legislature's use of the term "dismissal" merely indicates a ruling on the motion can occur either prior to or during trial. Because section 577.037.2 does not provide a specific timeframe when a ruling on the motion must be made, it was within the circuit court's discretion to defer ruling. The circuit court can reconsider the motion prior to the close of evidence at trial, and any ruling in the circuit court's favor would be a "dismissal" and not an "acquittal." *See* Rule 27.07(a).

5

be deferred until the trial." In other words, Rule 24.04(b)(4) provides the circuit court with the discretion to defer a hearing and ruling on the motion until trial. Read together, section 577.037.2 and Rule 24.04(b) do not require that a pretrial hearing occur or that a pretrial determination by the circuit court be made. The circuit court's denial of the motion here effectively deferred such a ruling until trial.[4]

McCree concedes that the circuit court could have expressly reserved ruling on the motion until trial, as a motion under section 577.037.2 could be heard and determined at trial without undermining the statute's purpose. But, according to McCree, "[t]he abuse of discretion occurred when [the circuit court] held a hearing on McCree's motion to dismiss and [overruled] the motion without hearing evidence of an exception."

It was in the circuit court's discretion to overrule the motion, as the ruling was an interlocutory order, which remains under the control of the circuit court and is subject to its later review. *See Nicholson v. Surrey Vacation Resorts, Inc.*, 463 S.W.3d 358, 365 (Mo. App. 2015); *Woods v. Juvenile Shoe Corp. of Am.*, 361 S.W.2d 694, 695 (Mo. 1962). A motion that has been ruled upon can be reconsidered. *Nicholson*, 463 S.W.3d at 365. McCree's acknowledgement that the circuit court could have deferred ruling on the motion until trial but that the circuit court abused its discretion in overruling the

---

[4] McCree asserts the circuit court was required to dismiss his charge under section 577.037 because the statutory right section 577.037 confers "is comparable to a hearing on a motion to suppress evidence or statements." But McCree's understanding of the law governing motions to suppress is incorrect. A circuit court can defer until trial its ruling on a motion to suppress evidence. Rule 24.05 ("Requests that evidence be suppressed shall be raised by motion before trial; however, the court may in its discretion entertain a motion to suppress evidence at any time during trial.")

6

motion is a distinction without a difference. The circuit court's ruling on the motion does not prevent McCree from seeking a reconsideration of the motion.

McCree relies on *State v. Mignone*, 411 S.W.3d 361 (Mo. App. 2013), to argue the circuit court abused its discretion in not dismissing the case after the hearing on the motion. In *Mignone*, the State offered testimony of the arresting officer and evidence of the breath test at the hearing on the motion under section 577.037.5, RSMo Supp. 2012. 411 S.W.3d at 363. *Mignone* is distinguishable. While the court of appeals held the circuit court did not clearly err in dismissing the driving while intoxicated charge at the evidentiary hearing in that "there was no substantial evidence of intoxication," it did not expressly hold that a pretrial hearing or pretrial determination is required for every motion pursuant to section 577.037.2. *Id.* at 363-65. Indeed, the decision whether to defer the hearing and determination on the motion is within the circuit court's discretion. Rule 24.04(b)(4). Section 577.037.2 does not confer on McCree the right to a pretrial hearing or pretrial determination on the motion. The circuit court did not abuse its discretion to defer ruling on the section 577.037.2 motion until trial.

As there is no clear, unequivocal right to dismiss the charge, a writ is not appropriate. When the judgment becomes final, if McCree is unsatisfied with the result, he will have the opportunity to argue on appeal that the State failed to meet its burden under section 577.037.2. A writ shall not issue when adequate relief can be afforded by an appeal. Rule 84.22(a).

**Conclusion**

The circuit court did not abuse its discretion because the plain language of section 577.037.2 does not require a pretrial hearing or pretrial determination on the motion, as the circuit court's overruling of the motion effectively deferred the matter until trial. McCree has not demonstrated a clear and unequivocal right to the dismissal of the charge, and he can seek relief on appeal. This Court quashes its preliminary writ of mandamus.

_____
Mary R. Russell, Judge

Powell and Wilson, JJ., concur; Breckenridge, J.,
concurs in separate opinion filed; Fischer, C.J.,
dissents in separate opinion; Draper and Stith, JJ.,
concur in opinion of Fischer, C.J.



# SUPREME COURT OF MISSOURI
## en banc

STATE OF MISSOURI ex rel.      )
WILLIS MCCREE,      )
     )
     Relator,      )
     )
v.      )      No. SC97186
     )
THE HONORABLE      )
WESLEY DALTON,      )
     )
     Respondent.      )

## CONCURRING OPINION

I concur in the result reached by the plurality opinion. As the plurality opinion notes, the circuit court's overruling of Mr. McCree's motion to dismiss for the alleged failure to comply with section 577.037.2, RSMo 2016, is an interlocutory order, and any claim of circuit court error for failure to dismiss is subject to review on appeal.

_____
PATRICIA BRECKENRIDGE, JUDGE



# SUPREME COURT OF MISSOURI
## en banc

STATE OF MISSOURI ex rel.      )
WILLIS MCCREE,               )
                               )
            Relator,          )
                               )
v.                               )     No. SC97186
                               )
THE HONORABLE        )
WESLEY DALTON,         )
                               )
          Respondent.     )

## DISSENTING OPINION

I respectfully dissent. The plurality opinion holds the circuit court did not abuse its discretion in deferring its ruling on the § 577.037.2[1] motion to dismiss until trial. If that is what actually occurred, I would not be required to dissent. The facts of this case are not disputed and, in my view, the law is clear. Section § 577.037.2[2] requires the court to

---

[1] All statutory references are to RSMo 2016 unless otherwise noted.
[2] Section 577.037.2 provides:

     If a chemical analysis of the defendant's breath, blood, saliva, or urine demonstrates there was eight-hundredths of one percent or more by weight of alcohol in the person's blood, this shall be prima facie evidence that the person was intoxicated at the time the specimen was taken. If a chemical analysis of the defendant's breath, blood, saliva, or urine demonstrates that there was less than eight-hundredths of one percent of alcohol in the defendant's blood, any charge alleging a criminal offense related to the operation of a vehicle, vessel, or aircraft while in an intoxicated condition shall be dismissed with prejudice unless one or more of the following considerations cause the court to find a dismissal unwarranted:

consider and weigh the sufficiency of the State's evidence when a defendant files a motion to dismiss pursuant to § 577.037.2 alleging a blood alcohol content below .08 percent. *State v. Mignone*, 411 S.W.3d 361, 364 (Mo. App. 2013). McCree filed a motion to dismiss in accord with this statute and, at the hearing on the motion, the State failed to offer any evidence and met neither the burden of production nor persuasion required; therefore, McCree had a right to have the charge of driving while intoxicated dismissed.

## Factual and Procedural Background

On April 14, 2016, Willis McCree was arrested for driving while intoxicated. The arresting deputy conducted no field sobriety tests nor a chemical breath test. After arriving at Warren County jail, the arresting deputy obtained a search warrant to determine McCree's blood alcohol concentration. Tests of McCree's blood revealed blood alcohol concentration levels of .052 percent and .039 percent.

The State filed an information charging McCree with one count of driving while intoxicated under § 577.010 and one count of driving while revoked under § 302.321. The matter was set for jury trial. McCree filed a motion to dismiss the driving while intoxicated charge pursuant to § 577.037.2.[3]

> (1) There is evidence that the chemical analysis is unreliable as evidence of the defendant's intoxication at the time of the alleged violation due to the lapse of time between the alleged violation and the obtaining of the specimen;
> (2) There is evidence that the defendant was under the influence of a controlled substance, or drug, or a combination of either or both with or without alcohol; or
> (3) There is substantial evidence of intoxication from physical observations of witnesses or admissions of the defendant.

[3] McCree cited § 577.037.5 RSMo Supp. 2012, the statute in effect when he was arrested and charged. The statute was not in effect in August 2017 when the motion to dismiss was filed, but

2

The circuit court called the motion for hearing on September 5, 2017. The State presented no testimony nor offered any evidence. The court overruled the motion, concluding § 577.037.2 put no burden on the State to adduce evidence prior to trial. This legal conclusion was contrary to precedent the circuit court was bound to follow. In *Mignone*, the court of appeals held:

> The plain language of section 577.037.5 calls for the court to weigh evidence and evaluate witness credibility in order to decide whether certain "considerations" render dismissal "unwarranted." Clearly, the statute calls upon the trial court to make a judgment about the nature and quality of the evidence, because that evidence must "cause the court to find" something. Dismissal is the default position, and, although not specifically stated in the statute, the clear implication is that the burden of persuasion is on the State to come forward with evidence to "cause the court to find a dismissal unwarranted."

411 S.W.3d at 364. McCree then filed a petition for a writ of mandamus in the court of appeals, seeking to compel a dismissal with prejudice of the driving while intoxicated charge. The court of appeals denied his petition. This Court issued a preliminary writ, and McCree now seeks a permanent writ of mandamus from this Court.

## Standard of Review

This Court has the authority to issue and determine original writs. Mo. const. art. V, § 4. A writ of mandamus will issue if the relator alleges and proves a "clear, unequivocal, specific right to a thing claimed." *State ex rel. Reg'l Convention v. Burton*, 533 S.W.3d

---

read substantially similar to what is now § 577.037.2. As the title of the statute indicates, § 577.037 governs the procedure for the admission of blood alcohol concentration tests, and, therefore, the rules in effect at the time the motion was filed are followed. *See Stiers v. Dir. of Revenue*, 477 S.W.3d 611, 618 (Mo. banc 2016). Nonetheless, the difference between the provisions does not affect this Court's analysis.

223, 226 (Mo. banc 2017) (internal quotation marks omitted). "No original remedial writ shall be issued by an appellate court in any case wherein adequate relief can be afforded by an appeal." Rule 84.22(a).

## Analysis

The plurality opinion offers two separate justifications to support its conclusion McCree did not demonstrate a clear and unequivocal right to a dismissal of his driving while intoxicated charge. First, the statute does not expressly provide for a pretrial hearing or pretrial determination and, therefore, McCree was not entitled to one. Second, the circuit court exercised its Rule 24.04(b)(4) discretion to defer the hearing and ruling on a motion to dismiss until trial. However, both are incorrect, and McCree has demonstrated a clear and unequivocal right have his motion to dismiss sustained.

The primary rule of statutory interpretation is to give effect to the legislature's intent as indicated by the plain language of the statute at issue. *Ben Hur Steel Worx, LLC v. Dir. of Revenue*, 452 S.W.3d 624, 626 (Mo. banc 2015). A fair reading of § 577.037.2 is that a motion to dismiss filed pursuant to this statute is expressly intended to operate much like a summary judgment motion in the civil realm and bring an early resolution to cases when there is not sufficient competent evidence to proceed to trial. *Mignone*, 411 S.W.3d at 364. This not only saves judicial resources, it also promotes early dismissal of criminal charges when scientifically reliable evidence of intoxication is lacking.

When the evidence of the breath or blood analysis demonstrates a blood alcohol concentration in excess of .08 percent – that constitutes prima facie evidence of intoxication. When the breath or blood analysis demonstrates a blood alcohol less than .08

4

percent, the law requires other indications of intoxication to survive a motion to dismiss and proceed to trial. Section 577.037.2 expressly provides when the blood alcohol content is less than .08 percent, any driving while intoxicated charge "*shall* be *dismissed* with prejudice unless one or more of the following considerations *cause* the court to find a *dismissal* unwarranted …" (emphasis added). According to this statute, there are only three considerations that could cause the court to find dismissal unwarranted:

> (1) *There is evidence* that the chemical analysis is unreliable as evidence of the defendant's intoxication at the time of the alleged violation due to the lapse of time between the alleged violation and the obtaining of the specimen; (2) *There is evidence* that the defendant was under the influence of a controlled substance, or drug, or a combination of either or both with or without alcohol; or (3) *There is substantial evidence* of intoxication from physical observations of witnesses or admissions of the defendant.

§ 577.037.2(1)-(3) (emphasis added). By their terms, all three considerations require an evidentiary showing. *Id*. When no evidence is produced, none of the three considerations could possibly remove the circuit court's statutory obligation to dismiss the charge. § 577.037.2.

The use of the term "dismissal" in § 577.037.2 indicates a legislative intent for the statute to be applied at the pretrial stage of criminal proceedings and not, as the plurality opinion contends, after the State has presented its case at trial. "When the legislature enacts a statute referring to terms which have had other judicial … meaning attached to them, the legislature is presumed to have acted with knowledge of that judicial … action." *Balloons Over the Rainbow, Inc. v. Dir. of Revenue*, 427 S.W.3d 815, 825-26 (Mo. banc 2014). In enacting § 577.037.2, the legislature is presumed to have had knowledge of Rule 27.07(a), reading:

5

> The court on motion of a defendant or of its own motion shall order the entry of judgment of *acquittal* of one or more offenses charged in the indictment or information after the evidence on either side is closed *if the evidence is insufficient to sustain a conviction of such offense* or offenses.

(emphasis added). Rule 27.07 requires the court to acquit – not dismiss – any criminal count if the evidence is insufficient to sustain a conviction after the State has closed its case. *State v. Ward*, _ S.W.3d. _ (Mo. banc 2019) (No. SC96696, decided March 19, 2019). Had the legislature intended for § 577.037.2's mandatory dismissal to be applied after the State had presented its evidence at trial, the term "acquittal" would have been used in the statute.

The legislature's most recent amendment to § 577.037 further reaffirms and ratifies an intention for § 577.037.2 to require the production of evidence at the pretrial stage of the proceeding. "In construing a statute, the Court must presume the legislature was aware of the state of the law at the time of its enactment." *Suffian v. Usher*, 19 S.W.3d 130, 133 (Mo. banc 2000). Prior to the legislature's 2017 amendment, and at the time *Mignone* was decided, the relevant portion of § 577.037 was identical in application to today's statute.[4]

---

[4] Prior to the 2017 amendment, the relevant portion of § 577.037 read:
> Any charge alleging a violation of section 577.010 or 577.012 or any county or municipal ordinance prohibiting driving while intoxicated or driving under the influence of alcohol shall be dismissed with prejudice if a chemical analysis of the defendant's breath, blood, saliva, or urine performed in accordance with sections 577.020 to 577.041 and rules promulgated thereunder by the state department of health and senior services demonstrate that there was less than eight-hundredths of one percent of alcohol in the defendant's blood unless one or more of the following considerations cause the court to find a dismissal unwarranted:
> > (1) There is evidence that the chemical analysis is unreliable as evidence of the defendant's intoxication at the time of the alleged

6

The legislature made no substantive changes to the relevant portions of § 577.037 in its amendments, which were made well after the *Mignone* court held the statute's language clearly imposed burdens of both production and persuasion on the State prior to trial. 411 S.W.3d at 365.

In answering the writ petition on behalf of the Honorable Wes Dalton, the State admitted McCree's blood test revealed blood alcohol content of .052 percent and .039 percent at the time of testing, and that no evidence was adduced at the September 5, 2017 hearing. It is undisputed in this case the circuit court did not weigh: any evidence of the unreliability of the chemical analysis, whether McCree was under the influence of a controlled substance or combination of alcohol and a controlled substance, or any substantial evidence of intoxication based on physical observations of witnesses or admissions of McCree prior to concluding dismissal was unwarranted. Instead, the circuit court concluded the State's lack of production of any evidence was not dispositive because the State had no burden to produce evidence prior to trial. However, the plain language of § 577.037.2 and *Mignone* required the circuit court to dismiss McCree's charge of driving while intoxicated.

---

violation due to the lapse of time between the alleged violation and the obtaining of the specimen;

(2) There is evidence that the defendant was under the influence of a controlled substance, or drug, or a combination of either or both with or without alcohol; or

(3) There is substantial evidence of intoxication from physical observations of witnesses or admissions of the defendant.

§ 577.037.5 RSMo Supp. 2012.

7

In addition, the record expressly refutes the plurality opinion's conclusion that the circuit court deferred its ruling on McCree's motion to dismiss. As the plurality opinion concedes and the record demonstrates, McCree's motion to dismiss was overruled. Further, the circuit judge admitted in his answer to McCree's preliminary writ petition "that Willis McCree's motion to dismiss was denied." I am reminded of Senator Moynihan's famous adage: "Everyone is entitled to his own opinion, but not to his own facts." [5]

McCree had a clear, unequivocal, specific statutory right to dismissal absent a conclusion by the court that at least one of the three "considerations" set out in § 577.037.2 was present. No evidence was offered to meet the burden of production or persuasion and the circuit court certainly did not defer its ruling on the motion, it overruled the motion. Therefore, the preliminary writ of mandamus should be made permanent ordering the circuit court to take no further action other than to sustain the motion dismiss.

_____
Zel M. Fischer, Chief Justice

---

[5] If the plurality thinks *Mignone* was improperly decided because it finds the statute only places the burden of production on the state concerning the three statutory considerations to avoid pretrial dismissal, it could exercise judicial restraint and wait for a case to present those facts. But to radically ignore the facts and claim the circuit court deferred its ruling when the circuit court clearly overruled the motion based on an erroneous declaration of law is inexcusable in my view.