

# SUPREME COURT OF MISSOURI
# en banc

STATE OF MISSOURI ex rel. )     *Opinion issued June 30, 2020*
UNIVERSAL CREDIT )
ACCEPTANCE, INC., )
           )
         Relator, )
           )
v. )     No. SC97872
           )
THE HONORABLE GLORIA )
CLARK RENO, )
           )
         Respondent. )

## ORIGINAL PROCEEDING IN MANDAMUS

Universal Credit Acceptance, Inc., (UCA) seeks a writ of mandamus compelling the circuit court to transfer this case to St. Charles County. UCA filed the underlying lawsuit against Renwick Ware in St. Charles County. After the associate circuit division sustained Ware's application for change of judge, Ware filed a motion to change venue to St. Louis County. Two years later, the circuit court sustained Ware's motion and transferred the case to St. Louis County.

Because Ware failed to file his motion to change venue with his previously filed application for change of judge, Ware's motion to change venue was improper under Rule 51.06(a). For this reason, the circuit court had no authority to sustain the motion to

change venue and transfer the case to St. Louis County. UCA has demonstrated a clear and unequivocal right to have the case retransferred to St. Charles County. This Court makes permanent its preliminary writ of mandamus.

## Background

UCA filed the underlying lawsuit against Ware in St. Charles County in April 2015, seeking to recover a judgment arising from Ware's alleged default on a retail sales installment contract.

Ware filed an application for change of judge in April 2017. The circuit court sustained the application and appointed a new judge to the case on the same day. More than a week later, Ware filed a motion to change the venue to St. Louis County. UCA filed a response, arguing Ware waived the right to file a motion to change venue because he had not consolidated that motion with his prior application for change of judge as required by Rule 51.06(a).[1] Following a hearing in April 2019, the circuit court sustained Ware's motion to change venue and transferred the case to St. Louis County.

UCA filed a petition for a writ of mandamus in the court of appeals, seeking to compel the circuit court to transfer this case back to St. Charles County, again arguing that, pursuant to Rule 51.06(a), Ware waived the right to file a motion to change venue because it was not consolidated with his application for change of judge. The court of appeals denied the petition. This Court issued a preliminary writ. UCA now seeks a permanent writ of mandamus from this Court.

---

[1] Ware then filed a motion to certify this case from the associate circuit division to the circuit court of St. Charles County. The circuit court sustained the motion.

2

**Jurisdiction and Standard of Review**

This Court has the authority to issue and determine original remedial writs. Mo. Const. art. V, sec. 4.1. A litigant seeking a writ of mandamus "must allege and prove that he has a clear, unequivocal, specific right to a thing claimed." *State ex rel. Hewitt v. Kerr*, 461 S.W.3d 798, 805 (Mo. banc 2015). "This right may arise from a statute that creates a right but does not explicitly provide mandamus as a remedy to enforce the right." *Id*. Mandamus should not typically "be used to control or direct the circuit court's exercise of discretionary powers." *State ex rel. McCree v. Dalton*, 573 S.W.3d 44, 46 (Mo. banc 2019). Mandamus is improper when remedy is available through appeal. Rule 84.22(a); *McCree*, 573 S.W.3d at 46.

**Analysis**

This case presents the question whether, pursuant to Rule 51.06(a), the circuit court had the authority to sustain Ware's motion and transfer the case to St. Louis County when Ware did not file the motion to change venue with his previously sustained application for change of judge. UCA argues that, under these facts, it has a clear and unequivocal right to have the case retransferred to St. Charles County.[2]

---

[2] This suit originated in the associate circuit division. Section 517.061, which pertains to applications for change of judge and motions to change venue filed in associate circuit division, is silent regarding whether a party can file a motion to change venue separate from an application for change of judge. Ware relies on *Becker Glove International, Inc. v. Jack Dubinsky & Sons*, 41 S.W.3d 885, 886 (Mo. banc 2001), to argue that the rules should not govern, despite section 517.061's silence about this issue. In *Becker Glove*, this Court addressed whether the compulsory counterclaim provision of Rule 55.32(a) applied to an action filed in the associate circuit division. *Id*. This Court held Rule 55.32(a) did not apply because section 517.031.2, which governs the counterclaim pleadings for actions in the associate circuit division, does not require an answer. *Id*. at 888. The analysis in *Becker Glove* is inapplicable here. Unlike section 517.031 in *Becker Glove*, section 517.061 expressly adopts the rules of civil procedure to govern

3

Rule 51.06(a) provides:

> If a party requests and obtains either a change of venue or a change of judge, that party *shall not be granted* any additional change thereafter except for cause or under Rule 51.07. *A party who desires both a change of venue and a change of judge must join and present both in a single application.*

(Emphasis added). The principles used to interpret Missouri rules are the same as those used to interpret statutes. *Williams v. Mercy Clinic Springfield Cmtys.*, 568 S.W.3d 396, 411 (Mo. banc 2019). "Generally the word 'shall' connotes a mandatory duty." *Dorris v. State*, 360 S.W.3d 260, 267 (Mo. banc 2012). When a statute or rule provides the consequence of failing to follow its terms, "it is mandatory and must be obeyed." *Id.*

Rule 51.06(a) suggests a mandatory duty because it provides the consequence of failing to join a change of judge and a change of venue in a single application: the second filed request "shall not be granted." Ware's requests were not joined and presented in a single application as required by Rule 51.06(a), as he filed a motion to change venue more than a week after his application for change of judge was filed and sustained. For this reason, the sustaining of Ware's motion to change venue was improper.

Ware argues that, because his motion to change venue was pending for more than 90 days, section 508.010.10[3] required the circuit court to sustain the motion. Section 508.010.10 provides, "All motions to dismiss or to transfer based upon a claim of improper venue shall be deemed granted if not denied within ninety days of filing of the

---

change of venue and change of judge. For this reason, applying this Court's rules in this case is in accordance with chapter 517, RSMo – the chapter governing associate circuit division procedure.

[3] All statutory references are to RSMo 2016, unless otherwise specified.

motion unless such time period is waived in writing by all parties." *See also State ex rel. HeplerBroom, LLC v. Moriarty*, 566 S.W.3d 240, 244 (Mo. banc 2019) (holding section 508.010.10 "require[d] this Court to hold the circuit court's failure to rule upon Relators' motion to transfer within the ninety-day period resulted in Relators' motion being deemed granted"). But despite section 508.010.10, Ware waived the right to change venue because his motion was improper under Rule 51.06(a).

## Conclusion

Because Ware failed to file his motion to change venue with his previously filed application for change of judge, his motion to change venue was improper under Rule 51.06(a). For this reason, the circuit court had no authority to sustain the motion and transfer the case to St. Louis County. UCA has demonstrated a clear and unequivocal right to have the case retransferred to St. Charles County. This Court makes permanent its preliminary writ of mandamus.

_____

Mary R. Russell, Judge

All concur.

5